[No. 5199.]
[No. 2810 C. A.]

### April v. Rummage.

**Appellate Practice—Specific Performance—Captious Objections—Judgment on Conflicting Evidence—Not Disturbed on Appeal.**

In an action for specific performance, the following was received in evidence without objection: "Whereas, the undersigned have this day made certain conveyances of property to each other and the respective deeds have been signed and are to be delivered on approval of the respective abstracts, it is mutually agreed by the parties that the possession of the properties conveyed shall be given on the first day of October, 1902." Held, that, while the parties would not be allowed to raise captious objections to the title under such agreement, yet, since the evidence is contradictory as to the plaintiff's agreement to accept a tax title under certain conditions, it cannot be said that the judgment is not supported by evidence, and it must therefore be affirmed.—P. 282.

*Appeal from the District Court of Gunnison County. Hon. Theron Stevens, Judge.*

Action by Charles April against J. W. Rummage. From a judgment for defendant, plaintiff appeals.

*Affirmed.*

Mr. B. H. WEGENER, for appellant.

Mr. SPRIGG SHACKLEFORD, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

The plaintiff (appellant here) brought suit for the specific performance of a contract for the conveyance of certain town lots in the town of Gunnison. The plaintiff avers that he and the defendant entered into a verbal agreement to exchange property, the plaintiff to convey to defendant certain land near Gunnison, and the defendant to convey to the plaintiff certain town lots in the town of Gunnison. The lots were, by the terms of the agreement, valued at twenty-two hundred dollars, and the land at two thousand dollars; and that plaintiff paid defendant two hundred dollars in cash, executed his warranty deed for the land, and the defendant executed a deed for the lots; that the possession of the property was to be given a few months after the agreement was made, and that plaintiff delivered his deed to the defendant's attorney with directions to deliver it to the defendant.

The defendant contends that he agreed to exchange property with plaintiff only on condition that his attorney should approve the abstract of title to be furnished by plaintiff and the title of plaintiff to the property, and that his attorney declined to approve the title of plaintiff; that he tendered to the plaintiff the two hundred dollars paid by plaintiff to him, but the plaintiff refused to accept the same.

The trial was to the court. Judgment was rendered for the defendant. Plaintiff appealed to the court of appeals. He asks to have the judgment reversed for the reason, as he alleges, that it is against the law and against the evidence.

During the trial the following was received in evidence without objection:

"Gunnison, Colo., June 7, 1902.

"Whereas, the undersigned have this day made certain conveyances of property to each other and the respective deeds have been signed and are to be delivered on approval of the respective abstracts, it is mutually agreed by the parties that the possession of the properties conveyed shall be given on the first day of October, 1902. "J. W. Rummage.
"Charles April."

The plaintiff testified that he did not know what the paper contained; that it was represented to him that it was an agreement that the parties should take possession in October, and nothing more, and that he had only an imperfect knowledge of the English language. The plaintiff's title is a tax title. To a portion of the land a deed was issued about the year 1890; to another portion, the deed was issued about two years before the bringing of this suit. Witnesses for the plaintiff testified that the defendant knew the condition of the plaintiff's title, and that he expressed a willingness to accept the title notwithstanding the fact that it was a tax title. Other witnesses testified that the defendant had said to them that he had a purchaser for plaintiff's land for twenty-three hundred dollars, and that it was, in effect, selling his lots for twenty-five hundred dollars. It appears that defendant's customer for plaintiff's land refused to buy, and counsel claim that that fact, and not the fact that the plaintiff's title was not marketable, was the reason for his refusal to comply with the agreement.

The testimony is conflicting in very many particulars. The defendant testified that he told plaintiff that he would not make the exchange unless his

attorney approved the title. In this he is flatly contradicted. The defendant's witnesses declare that the instrument offered in evidence was fully understood by plaintiff, and that it was signed by the parties in the presence of their respective representatives. The court, rendering judgment, said: "In this case, the court finds that the agreement is not such an agreement as a court of equity will specifically enforce, for the reason that the title which was offered under the agreement was not such as would justify such a decree." We interpret this to mean that, if the plaintiff's title had been such as he represented in the warranty deed, the court would have enforced the agreement; but that, inasmuch as his title was not of such character, the court would not enforce it. Under the written agreement, the parties would not be permitted to raise captious objections to the title. The defendant testified that, while he knew that the plaintiff's title was a tax title, he told the plaintiff he would rely upon the judgment of his attorney and that, unless his attorney approved the tax title, he would not make the exchange. The testimony upon the subject of the defendant's agreement to accept the title, such as it was, is contradictory; we cannot say that the judgment is not supported by evidence, and we must, therefore, affirm it.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.